IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES CZAK,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,[1]<br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>        Defendant. | Civil Action No. 06-179J |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 24th day of September, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 16) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 12) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007, succeeding JoAnne B. Barnhart.

reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on December 16, 2003, alleging disability beginning October 8, 2003, due to a traumatic brain injury, neck and back pain, depression and a cognitive impairment. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on February 11, 2005, at which plaintiff appeared represented by counsel. On April 22, 2005, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on June 19, 2006, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 47 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school

education. Plaintiff has past relevant work experience as a quality assurance manager, senior vice-president of operations and real estate agent, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff, plaintiff's wife and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease of the cervical and lumbar spines, adjustment disorder, major depressive disorder, generalized anxiety disorder, the residual effects of a traumatic brain injury, including a cognitive impairment and organic personality changes, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of sedentary work with a number of other limitations. Plaintiff is limited to occasional stooping, kneeling, crouching and climbing ramps and stairs, and he must avoid balancing, frequent overhead work and climbing ladders, ropes and scaffolds. In addition, plaintiff is limited to occasional pushing and pulling with the lower extremities to include operation of pedals. Further, he is limited to work that involves only occasional interaction with supervisors, and that

involves only simple, routine, repetitive tasks that are not performed in a fast-paced production environment. Plaintiff also requires work that involves only simple work-related decisions and relatively few work place changes. Finally, plaintiff must avoid work that requires prolonged reading for content or comprehension or that requires mathematical calculations, such as a cashier or teller (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a product inspector, nut sorter or final assembler. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has

promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1),

416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on the following grounds: (1) the ALJ did not properly evaluate plaintiff's subjective complaints regarding his limitations and pain; (2) the ALJ gave inadequate weight to the reports and opinions of plaintiff's treating physicians; and (3) the ALJ's hypothetical question to the vocational expert was defective. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first claims that the ALJ erred in evaluating his subjective complaints regarding his pain and limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ analyzed plaintiff's subjective complaints in detail, and he explained why he found plaintiff's testimony not totally credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant

- 6 -

evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of his treatment, plaintiff's own statements about his symptoms and statements by his physicians about his symptoms and how they affect him. See 20 C.F.R. §§404.1529(c)(1), 416.929(c)(1); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 27). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 21-24), and is satisfied that such determination is supported by substantial evidence.

Plaintiff next contends that the ALJ gave inadequate weight to the reports and opinions of his treating physicians, including Dr. Oliver-Smith, a neurosurgeon, Dr. Rundorff, a physical medicine and rehabilitation specialist, and Dr. Rutledge, a psychologist. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §§404.1527(d)(2),

416.927(d)(2); Farqnoli, 247 F.3d at 43. In accordance with this standard, the ALJ properly analyzed and weighed the opinions of plaintiff's treating physicians.

As an initial matter, Dr. Oliver-Smith performed a right L5-S1 microdiscectomy on plaintiff in February 2004. (R. 316). On March 22, 2004, Dr. Oliver-Smith reported that plaintiff did well following surgery and he "significantly improved." (R. 316). Dr. Oliver-Smith never stated that plaintiff was disabled, nor did he identify any functional restrictions as a result of plaintiff's back problems.

With regard to the ALJ's analysis of Dr. Rundorff's opinion, the ALJ correctly noted that plaintiff's condition improved following surgery in February 2004, and physical examinations since April and May 2004 were either normal or unremarkable. (R. 25). The ALJ correctly found that these unremarkable physical examinations contradicted Dr. Rundorff's early opinion that plaintiff should remain off work. (R. 25). Furthermore, on March 10, 2005, Dr. Rundorff stated that plaintiff was capable of working full time. (R. 407). Thus, the ALJ properly considered Dr. Rundorff's reports and correctly determined that his initial opinion that plaintiff could not work was not entitled to controlling weight.

Likewise, the ALJ properly considered Dr. Rutledge's reports. Dr. Rutledge diagnosed plaintiff with mild metacognitive and executive function difficulties, an organic personality change secondary to a brain injury and an adjustment disorder with

depressed and anxious mood. (R. 151). The ALJ cited Dr. Rutledge's diagnosis in his opinion (R. 19), and the ALJ incorporated that diagnosis into his finding that plaintiff's severe impairments include an adjustment disorder, a depressive disorder, a generalized anxiety disorder, the residual effects of a traumatic brain injury including a cognitive impairment, and organic personality changes. (R. 17, 27). Therefore, plaintiff is incorrect that the ALJ gave inadequate weight to Dr. Rutledge's findings.

Plaintiff's final argument is that the ALJ's hypothetical to the vocational expert was defective because it did not include a sit/stand option. In addition, plaintiff complains that the ALJ discounted the vocational expert's testimony in response to questions regarding plaintiff's claimed need for excessive breaks and absences from work and his purported inability to follow simple instructions. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). After reviewing the record, the court is satisfied that the ALJ's hypothetical incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. Therefore, plaintiff's contention that the ALJ's hypothetical was defective lacks merit.

Contrary to plaintiff's assertion, the ALJ was not required to include a sit/stand option in the hypothetical because the

medical evidence did not establish a need for such an accommodation.[2] Further, the ALJ properly discounted the vocational expert's testimony regarding plaintiff's claimed need for excessive breaks and absences from work, as well as his purported inability to follow simple instructions. Dr. Rundorff released plaintiff to work full time in March 2005, which undercuts any assertion that plaintiff requires excessive breaks and absences from work. (R. 407). In addition, the evidence of record, including the mental RFC Assessment, established that plaintiff could perform work that involves short, simple instructions. (R. 340, 342). The ALJ accounted for plaintiff's limitation to work involving short and simple instructions by posing a hypothetical which restricted him to simple, routine, repetitive tasks that are not performed in a fast-paced production environment, as well as work that involves only simple work-related decisions and relatively few work place changes.

The court finds that the ALJ's hypothetical to the vocational expert fairly set forth every credible limitation established by the evidence of record. Nothing in the record suggests that any other limitations should have been incorporated into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can

---

[2] Even assuming arguendo that plaintiff required a sit/stand option, the vocational expert testified that the nut sorter and product inspector jobs he identified in response to the ALJ's hypothetical questions would allow for a sit/stand option. (R. 607).

perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Jon A. Barkman, Esq.
116 North Center Avenue
Somerset, PA 15501

John J. Valkovci
Assistant U.S. Attorney
224 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901